UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

FILED

2010 DEC 29 P 4: 19

| | |
|---|---|
| GREENBLUM & BERNSTEIN, P.L.C.<br><br>Plaintiff,<br><br>v.<br><br>ARRIVALSTAR, S.A.<br>MELVINO TECHNOLOGIES LIMITED<br>Defendants. | Civil Action No. 1: 10 cv 1463<br>CMH/JFA |

## COMPLAINT FOR
## DECLARATORY JUDGMENT OF NO LIABILITY

Plaintiff, Greenblum & Bernstein, P.L.C. ("G&B"), brings this action for declaratory judgment against Defendants ArrivalStar, S.A. ("ArrivalStar") and Melvino Technologies Limited ("Melvino").

### THE PARTIES

1. Plaintiff G&B is organized under the laws of the Commonwealth of Virginia, having principal offices at 1950 Roland Clarke Place, Reston, VA 20191.

2. Upon information and belief, Defendant ArrivalStar is a corporation organized under the laws of Luxembourg and having offices at 127 rue du Muhlenbach, L-2168, Luxembourg.

3. Upon information and belief, Defendant Melvino is a corporation organized under the laws of the British Virgin Island or Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

## JURISDICTION AND VENUE

4. This action is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual and justiciable controversy between the parties to resolve a definite and concrete dispute arising between the parties pursuant to baseless threats of litigation.

5. This Court has jurisdiction over the subject matter of this Action under 28 U.S.C. §§ 1332, 2201, and 2202 because there is a justiciable controversy, the parties are of diverse citizenship, and Defendants have alleged that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs

6. Personal jurisdiction over ArrivalStar is proper because ArrivalStar has purposefully availed itself of the privilege of doing business in this jurisdiction and has purposefully committed acts directed toward Plaintiff in the Commonwealth of Virginia, directly related to the cause of action herein asserted, including the acts and threats outlined herein, and/or has engaged in continuous and systematic activities in Virginia.

7. Personal jurisdiction over Melvino is proper because Melvino has purposefully availed itself of the privilege of doing business in this jurisdiction and has purposefully committed acts directed toward Plaintiff in the Commonwealth of Virginia, directly related to the cause of action herein asserted, including the acts and threats outlined herein, and/or has engaged in continuous and systematic activities in Virginia.

8. Venue is proper in this Court under 28 U.SC. §§ 1391(a).

## FACTUAL ALLEGATIONS

9. As a result of a dispute over patent rights, ArrivalStar and Melvino filed a Complaint against EarthSearch Communications International, Inc. ("EarthSearch") in the United

States District Court for the Northern District of Illinois (Civil Action No. 1:10-cv-4349) for patent infringement (hereinafter "Patent Suit").

10. G&B represented EarthSearch in connection with the Patent Suit, including during the negotiation of an agreement settling the Patent Suit.

11. The agreement settling the Patent Suit was signed on September 1, 2010 by EarthSearch and on September 6, 2010 by ArrivalStar and Melvino ("the September 1 Agreement").

12. G&B, as counsel for EarthSearch, is not a party to the September 1 Agreement settling the Patent Suit.

13. On September 7, 2010, Defendants filed a Notice of Voluntary Dismissal (with prejudice) of the Patent Suit in the United States District Court for the Northern District of Illinois.

14. On or before November 1, 2010, G&B withdrew its representation of EarthSearch in connection with all matters; since that time, G&B has not represented EarthSearch and does not currently represent EarthSearch in any capacity.

15. Upon information and belief, on December 24, Defendants ArrivalStar and Melvino, through their attorney Anthony "Tony" Dowell of Dowell Baker P.C. ("Dowell Baker"), sent an e-mail communication alleging that G&B violated a confidentiality requirement in the aforementioned September 1 Agreement between EarthSearch and Defendants because a version of the agreement allegedly became available online.

16. The September 1 Agreement, or a prior draft, was allegedly made part of a filing with the Securities and Exchange Commission ("SEC").

17. G&B was not involved with, and was not aware of, the filing with the SEC.

18. In his December 24th email, Anthony Dowell stated that he would "be bringing an action against EarthSearch and the Greenblum firm to compel Earhhsearch [sic] to keep the agreement confidential, AND for damages."

19. In his December 24th email, Anthony Dowell stated: "I cannot overemphasize the gravity of this matter, and level of damage already caused to Arrivalstar [sic]."

20. In a December 27th email, Plaintiff G&B informed Anthony Dowell that G&B took Mr. Dowell's threat seriously but that G&B no longer represented EarthSearch, to which Anthony Dowell replied that "You negotiated the agreement. What did you do to ensure that your client complied with the confidentiality provision?"

21. G&B immediately responded that it had no knowledge or involvement in the filing of any papers with the SEC or how those papers were allegedly made public.

22. In a later reply e-mail on December 27, Anthony Dowell noted that "Make no mistake, your firm has some serious liability here."

23. In a December 27th email, G&B requested that Mr. Dowell provide G&B with a detailed basis of his baseless threats.

24. On December 28, 2010, Mr. Dowell replied that:

We will certainly substantiate our allegations, but I have not received a response to my request from your firm to tell me exactly what you did to ensure that EarthSearch understood and complied with the confidentiality provision that we negotiated with you. Will you provide a response, or may I assume that your firm did nothing to ensure that EarthSearch complied with the confidentiality provision?

Based on the fact that your firm did nothing to ensure that EarthSearch complied with the payment terms of the license, and even induced us to dismiss the lawsuit without ensuring that payment would be made, this is a reasonable assumption.

25. On December 28, 2010, during a phone call with Mr. Dowell, Mr. Dowell again indicated that he would bring a "claim" against G&B, although he was unable to articulate a cause of action against G&B.

26. G&B has consistently informed Mr. Dowell that the firm no longer represents EarthSearch, and that G&B had no involvement in filing documents with the SEC, and had no knowledge thereof.

27. Mr. Dowell has asserted on a number of occasions that he was not paid by EarthSearch pursuant to the September 1 Agreement; hence his reference to G&B being responsible for ensuring that payment by EarthSearch would be forthcoming.

28. G&B has no power to require EarthSearch to pay Mr. Dowell or his client, and never has.

### COUNT I: DECLARATORY JUDGMENT OF NO LIABILITY FOR ALLEGED BREACH OF A CONFIDENTIALITY PROVISION

29. Plaintiff repeats and incorporates herein the entirety of the allegations contained in Paragraphs 1 though 28 above.

30. On information and belief ArrivalStar and Melvino, by and through their attorney Mr. Dowell, have improperly made the aforementioned threats, knowing there was no basis for the same, for the improper purpose of harassing, extracting, and extorting money from G&B since ArrivalStar and Melvino have apparently been unable to obtain payment from EarthSearch.

31. The above noted threats are real and immediate and have created a real and actual controversy between Plaintiff and Defendants as to the rights and liabilities of the parties for a very substantial amount of money, which Defendants assert exceeds $75,000.00 exclusive of interests and costs.

32. It would be proper for this Court to determine whether indeed there is any liability that Plaintiff might have as a result of the alleged breach of confidentiality of the September 1 Agreement between EarthSearch and Defendants.

33. A declaratory judgment by this Court would afford relief from the uncertainty and insecurity attendant upon the actual controversy surrounding G&B's rights.

34. Plaintiff has no other adequate remedy at law to redress the wrong committed against Plaintiff by Defendants.

## COUNT II: DECLARATORY JUDGMENT OF NO INDUCEMENT

35. Plaintiff repeats and incorporates herein the entirety of the allegations contained in Paragraphs 1 though 34 above.

36. The above noted threats are real and immediate and have created a real and actual controversy between Plaintiff and Defendants as to the rights and liabilities of the parties.

37. It would be proper for this Court to determine whether indeed Plaintiff induced EarthSearch to breach a confidentiality requirement of the September 1 Agreement between EarthSearch and Defendants.

38. A declaratory judgment by this Court would afford relief from the uncertainty and insecurity attendant upon the actual controversy surrounding G&B's rights.

39. Plaintiff has no other adequate remedy at law to redress the wrong committed against Plaintiff.

## COUNT III: DECLARATORY JUDGMENT OF NO FRAUD

40. Plaintiff repeats and incorporates herein the entirety of the allegations contained in Paragraphs 1 though 39 above.

41. The above noted threats are real and immediate and have created a real and actual controversy between Plaintiff and Defendants as to the rights and liabilities of the parties.

42. It would be proper for this Court to determine whether Plaintiff committed any fraudulent acts with respect to its role in negotiating the above September 1 Agreement.

43. A declaratory judgment by this Court that G&B did not defraud Defendants would afford relief from the uncertainty and insecurity attendant upon the actual controversy surrounding G&B's rights.

44. Plaintiff has no other adequate remedy at law to redress the wrong committed against Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff G&B seeks a declaratory judgment against Defendants as follows:

a. Declaratory judgment that G&B is not liable for any alleged violation of a confidentiality requirement of the September 1 Agreement between Defendants and EarthSearch settling the Patent Suit.

b. Declaratory judgment that G&B did not induce EarthSearch to breach a confidentiality requirement of the September 1 Agreement between EarthSearch and Defendants.

c. Declaratory judgment that G&B did not commit fraudulent acts with respect to its role in negotiating the September 1 Agreement between EarthSearch and Defendants.

d. Declaratory judgment instructing Defendants to refrain from communicating with Plaintiff with respect to the September 1 Agreement and anything related thereto.

e.  Assessment of Attorneys' fees and costs for necessitating the filing of the instant action to address the baseless, malicious and vindictive threats which Defendants would not withdraw.

Dated: December 29, 2010

By: /s/ Jill Browning

GREENBLUM & BERNSTEIN, P.L.C.
Jill M. Browning (VSB No. 36377)
E-mail: jbrowning@gbpatent.com

1950 Roland Clarke Place
Reston, VA 20191
Telephone: (703) 716-1191
Facsimile: (703) 716-1180

*Attorney for Greenblum & Bernstein, P.L.C.*

*Of Counsel:*

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum (VSB No. 30870)
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
Telephone: (703) 716-1191
Facsimile: (703) 716-1180

*Attorneys for Greenblum & Bernstein, P.L.C.*